KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6816
    Facsimile: (415) 436-6748
    email: stephanie.hinds@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> APPROXIMATELY $276,449.90 IN FUNDS SEIZED FROM JOSHUA HEDLUND, <br><br> Defendants. | C 06 7823 WDB <br><br> COMPLAINT FOR FORFEITURE |

In this *in rem* forfeiture action, the United States alleges:

### JURISDICTION

1.     This Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355, Title 21, United States Code, Section 881, Title 31, United States Code, Section 5317 and Title 18, United States Code, Section 981.

### PARTIES

2.     Plaintiff is the United States of America.

3.     The captioned *in rem* defendants are approximately $276,449.90 in funds in the form of cash and monetary instruments seized from Joshua Hedlund and /or accounts controlled or maintained by Joshua Hedlund as detailed below (hereinafter "defendant funds"):

  a. Bank of America cashiers check #413208525, in the amount of $10,000.00

  b. Bank of America cashiers check #413208522, in the amount of $50,000.00

  c. Bank of America cashiers check #413208523, in the amount of $50,000.00

  d. Bank of America cashiers check #413208520, in the amount of $45,000.00

  e. Bank of America cashiers check #413208519, in the amount of $45,000.00

  f. Bank of America cashiers check #413208521, in the amount of $30,000.00

  g. $12,638.49 in funds seized from Bank of America account no. 0139007227

  h. $19,116.41 in funds seized from Bank of America account no. 0139606796

  i. $14,695 in cash

4. Plaintiff seeks forfeiture of the in rem defendant funds, pursuant to Title 21, United States Code, Section 881(a)(6), because there is probable cause to believe that the defendant funds constitute proceeds of drug trafficking and/or funds to be used to facilitate the cultivation, sale and distribution of marijuana, in violation of Title 21, United States Code, Sections 846 and 841(a). Plaintiff also seeks forfeiture of the defendant funds, pursuant to Title 18, United States Code, Section 981(a)(1), because there is probable cause to believe that these defendant funds were involved in money laundering transactions, and attempted money laundering transactions, in violation of Title 18, United States Code, Sections 1956 and 1957. Plaintiff further seeks forfeiture of the defendant funds, pursuant to Title 31, United States Code, Section 5317, because there is probable cause to believe that the defendant funds were involved in structuring transactions, in violation of Title 31, United States Code, Section 5324(c).

**VENUE**

5. Venue lies in the Northern District of California, pursuant to Title 28, United States Code §§ 1355(b) and 1395, as acts giving rise to this in rem action occurred in this district and the defendant funds are presently within the custody of the United States Marshal Service located in this district.

**INTRADISTRICT ASSIGNMENT**

COMPLAINT FOR FORFEITURE    2

6. This matter arises in the county of Alameda because a substantial part of the events which give rise to plaintiff's claims occurred in that county. Additionally, the allegations set forth below are based, in large part, on the investigation related to criminal action captioned <u>United States v. Jonathan Ford, et al</u>, CR 06-00346 DLJ, currently pending in Oakland. Accordingly, pursuant to Civil Local Rule 3-12 and Criminal Local Rule 8-1, this matter should be assigned to the Honorable D. Lowell Jensen, United States District Judge, in Oakland.

## FACTS

7. Plaintiff incorporates by reference the allegations of paragraphs one through six as though fully set forth herein.

8. On March 15, 2006, law enforcement officers from the Berkeley Police Department, Special Enforcement Unit executed a state search warrant at a warehouse located at 809 Allston Way, Berkeley, California, wherein they discovered a sophisticated hydroponic indoor marijuana cultivation operation wherein they seized approximately 2700 marijuana plants, 114 pounds of dried processed marijuana, 76 grow light hoods and 74 electrical ballasts, among other evidence of marijuana cultivation and distribution.

9. Five individuals were arrested at the scene during the execution of the warrant at 809 Allston Way, including Jonathan Ford, one of the owners/partner/manager of the warehouse and marijuana cultivation operation contained within. Law enforcement agents subsequently learned that Joshua Hedlund was the co-owner of the property and silent partner in the marijuana cultivation operation. [need to determine whether it is known that they are cooperating]

10. On May 11, 2006, a federal grand jury for the Northern District of California returned an indictment charging Jonathan Ford, Joshua Hedlund and others for their participation in a conspiracy to cultivate and possess with the intent to distribute marijuana from 2003 to March 2006, in violation of Title 21, United States Code, Section 846. Additionally, Hedlund was charged with cultivating marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and maintaining/ managing a place for the purpose of cultivating marijuana, in violation of Title 21, United States Code, Section 856(a), all in relation to the marijuana cultivation found at 809

COMPLAINT FOR FORFEITURE    3

Allston Way, Berkeley. The indictment also provided Hedlund and others with notice that upon their conviction for those offenses, any property that was used or intended to be used to commit or facilitate those offenses were subject to forfeiture.

11. On June 4, 2006, while on release from federal custody on bail awaiting trial in his criminal case, Joshua Hedlund was involved in a hit and run collision in Garberville, California. Hedlund was subsequently caught and arrested by a California Highway Patrol officer after he fled the scene. During an inventory search of his vehicle, officers found a false Oregon ID for a Christopher William Smith bearing Hedlund's image, with a social security card, birth certificate and W-2 form all in the same name; another social security card, birth certificate and W-2 form all in the name of Joshua Randall Klein; and other documents and information evidencing Hedlund's involvement in the illegal cultivation and distribution of marijuana, including hand written notes on the cultivation of marijuana (eg notes on the amount of money and duties need to start an indoor marijuana cultivation operation, notes on the costs of operating an indoor grow, notes on the percentages of how much money per each cycle), notes on different type of marijuana cultivation equipment (eg. ballasts, light hoods, filters, and generators), notes regarding the purchase of multiple handguns, assault rifles and miscellaneous tactical ballistic equipment, and numerous (in excess of 95) California Driver Licenses, identification cards and corresponding Oakland Cannabis Buyer's Cooperative membership cards. In addition agents seized evidence

12. The inventory search of the vehicle also yielded the seizure of the defendant $14,465 which was found in cash inside a brown paper bag, two of the defendant cashiers checks (one made payable to Eric Hedlund in the amount of $10,000; and the other made payable to H&H Capital Management LLC in the amount of $50,000). The cashiers checks were drawn on an account of Bank of America, which is one of fifteen bank accounts that Joshua Hedlund maintained and/or controlled. Additionally, officers found documentation which revealed that Hedlund was involved in the establishment of more than 20 limited liability corporations (LLCs), including H&H Capital Management, as well as involved in real estate transactions for over 8000 acres of forest land in Northern California, including his purchase of a 7700 acres in Humboldt

COMPLAINT FOR FORFEITURE 4

County known as the Schnook Ranch - where multiple marijuana grow operations have been discovered. A review of Hedlund's bank records reveal that Hedlund received in excess of $1 million from various individuals in advance of his purchase of the Schnook Ranch. The majority of the individual purchasers of these parcels on the ranch either have a prior association or past arrest for marijuana cultivation. Review of property and other financial records also reveals that these individuals continue to make note payments to Hedlund for the parcels they purchased. These note payments appear to equal approximately $100,000 per month, and are made in the form of cashiers checks, money order or multiple personal checks made out on the same day from the same account. These payment methods evidence typical methods used by money launderers to attempt to conceal the illegal source of funds.

13. In June 2006, officer Daniel Montgomery from the Berkeley Police Department contacted Bank of America and received the following information regarding Joshua Hedlund's accounts. On March 20, 2006, 5 days after the raid of 809 Allston Way, Joshua Hedlund went to Bank of America and purchased the following 7 cashier's checks totaling $250,000 dollars from his accounts:

| Amount | From | To | Status |
|---|---|---|---|
| $10,000.00 | Joshua Hedlund | Carmela West | Cashed |
| $10,000.00 | Joshua Hedlund | Ellen Drury | Cashed |
| $10,000.00 | Joshua Hedlund | Eric Hedlund | Not Cashed |
| $45,000.00 | Eel River Development LLC | Fidelity National | Not Cashed |
| $50,000.00 | Chevinov Opening LLC | First American Title | Not Cashed |
| $30,000.00 | Tom Long Junction LLC | First American Title | Not Cashed |
| $45,000.00 | East Branch AE Holding LLC | Fidelity National | Not Cashed |
| $50,000.00 | H&H Capital Management LLC | Fidelity National | Not Cashed |

14. As of June 9, 2006, only 2 of these checks had been cashed in the amount of $10,000 each. The $10,000 cashier's check made payable to Eric Hedlund and the $50,000 cashier's check made payable to Fidelity National were recovered from Hedlund's vehicle following the his arrest for the hit and run collision. At the officer's request, World Money Services placed a stop payment on the cashier's checks and a hold on the funds of the cashier's checks that had not yet been cashed.

COMPLAINT FOR FORFEITURE                                                                                 5

15. According to the bank, a cashier's checks once purchased can be reissued or refunded at the request of the purchase (remitter). The purchaser need not even have the physical cashier's check to request it be reissued or refunded. Thus, criminals who seek to hide funds from discovery and seizure purchase cashier's checks and hold them for exchange prior to the 90-day expiration date. In this way, the check can be exchanged repeatedly hiding the existence and source of the funds.

16. In connection with Joshua Hedlund's business account of Bank of America account, I also learned the following:

- From 5-2-2005 to 5-2-2006, Hedlund has made a total of $2,638,476 in deposits into his business account.
- During the same time, Hedlund has made $219,504 in cash deposits.
- The cash deposits were structured in large round deposits and never over the $10,000 reporting limit.

17. Bank records reflect that Hedlunds structured cash deposits into his account over this time period, which is indicative of money laundering:

| Date | Cash Deposit |
|---|---|
| 4/6/2006 | $7,000.00 |
| 4/3/2006 | $7,000.00 |
| 3/31/2006 | $6,000.00 |
| 3/30/2006 | $7,000.00 |
| 3/29/2006 | $5,000.00 |
| 3/17/2006 | $9,000.00 |
| 3/16/2006 | $8,700.00 |
| 3/15/2006 | $8,300.00 |
| 3/14/2006 | $8,000.00 |
| 3/13/2006 | $8,000.00 |
| 2/28/2006 | $8,000.00 |
| 2/1/2006 | $7,000.00 |
| 1/30/2006 | $8,000.00 |
| 12/16/2005 | $9,000.00 |
| 12/14/2005 | $8,000.00 |
| 12/12/2005 | $8,000.00 |
| 10/24/2005 | $6,000.00 |
| 10/19/2005 | $5,000.00 |

| Date | Amount |
|---|---|
| 10/18/2005 | $9,900.00 |
| 9/22/2005 | $8,000.00 |
| 9/9/2005 | $4,000.00 |
| 8/26/2005 | $9,704.92 |
| 8/23/2005 | $5,000.00 |
| 7/11/2005 | $5,000.00 |
| 6/29/2005 | $5,000.00 |
| 6/14/2005 | $3,000.00 |
| 6/6/2005 | $5,000.00 |
| 5/27/2005 | $2,900.00 |
| 5/23/2005 | $5,000.00 |
| 5/10/2005 | $5,000.00 |
| 5/9/2005 | $9,000.00 |
| 5/6/2005 | $5,000.00 |
| 5/5/2005 | $5,000.00 |

18. According to Bank of America records, Joshua Hedlund held accounts at the Mill Valley branch, and safe deposit boxes at the Mill Valley and San Francisco branches.

19. On June 9, 2006, law enforcement officers sought and obtained state seizure warrants for the funds on deposit in Hedlund's accounts and search warrants for his safety deposit boxes. Upon execution of the seizure warrants, law enforcement officers seized the remaining defendant funds reflected in paragraph 3 above.

## FIRST CLAIM FOR RELIEF
## 21 U.S.C. § 881(a)(6)
### (forfeiture of drug proceeds)

20. Plaintiff incorporates by reference the allegations of paragraphs one through 19 as though fully set forth.

21. Title 21, United States Code, Section 881(a)(6) provides, in part, for the forfeiture of all monies or other things of value furnished or intended to be furnished to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate the distribution and possession with the intent to distribute a controlled substance., including violations of Title 21, United States Code, Sections 841 and 846.

22. In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the defendant funds represents moneys furnished or intended to be

COMPLAINT FOR FORFEITURE                                                                 7

furnished to another person in exchange for a controlled substance, constitutes proceeds derived from such an exchange, and was used or intended to be used to facilitate an offense, in violation of Title 21, United States Code, Sections 841(a) and 846, and thus subject to forfeiture under Title 21, United States Code, Section 881(a)(6).

## SECOND CLAIM FOR RELIEF

## 18 U.S.C. § 981(a)(1)(A)

**(forfeiture of property involved in violations of 18 U.S.C. § 1956(a)(1)(B)(i) - money laundering)**

23. Plaintiff incorporates by reference the allegations of paragraphs one through 22 as though fully set forth.

24. Title 18, United States Code, Section 981(a)(1)(A) provides, in part, for the forfeiture of any property, real or personal, involved in or traceable to a transaction or attempted transaction, in violation of Title 18, United States Code, Sections 1956.

25. Title 18, United States Code, Section 1956(a)(1)(B)(i) makes it unlawful to, knowing that the property involved in a financial transaction, represents the proceeds of some form of unlawful activity, conduct or attempt to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

26. Title 21, United States Code, Section, 841(a)(1) prohibits, in part, the distribution and possession with the intent to distribute a controlled substance, including marijuana. Section 841(a) is a specified unlawful activity under Title 18, United States Code, Sections 1956(C)(7)(A) and 1961.

27. Title 21, United States Code, Section, 846 prohibits a person from attempting or conspiring to distribute and possess with the intent to distribute a controlled substance. Section 846 is a specified unlawful activity under Title 18, United States Code, Sections 1956(C)(7)(A) and 1961.

COMPLAINT FOR FORFEITURE 8

28. In light of the foregoing, the defendant funds listed in a-h above constitute property involved in a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

### THIRD CLAIM FOR RELIEF

### 18 U.S.C. § 981(a)(1)(A)

### (forfeiture of property involved in violation of 18 U.S.C. § 1957) - money laundering)

29. Plaintiff incorporates by reference the allegations of paragraphs one through 28 as though fully set forth.

30. Title 18, United States Code, Section 981(a)(1)(A) provides, in part, for the forfeiture of any property, real or personal, involved in or traceable to a transaction or attempted transaction, in violation of Title 18, United States Code, Section 1957.

31. Title 18, United States Code, Section 1957 prohibits a person from knowingly engaging, or attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000.00, derived from a specified unlawful activity.

32. Title 21, United States Code, Section, 841(a)(1) prohibits, in part, the distribution and possession with the intent to distribute a controlled substance, including marijuana and MDMA. Section 841(a) is a specified unlawful activity under Title 18, United States Code, Sections 1956(C)(7)(A) and 1961.

33. Title 21, United States Code, Section, 846 prohibits a person from attempting or conspiring to distribute and possess with the intent to distribute a controlled substance. Section 846 is a specified unlawful activity under Title 18, United States Code, Sections 1956(C)(7)(A) and 1961.

34. In light of the foregoing, the defendant funds constitute property involved in a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

//

## FOURTH CLAIM FOR RELIEF

### 18 U.S.C. § 981(a)(1)(A)

**(forfeiture of property involved in violation of 18 U.S.C. § 1956(h)- property involved in money laundering conspiracy)**

35. Plaintiff incorporates by reference the allegations of paragraphs one through 34 as though fully set forth.

36. Title 18, United States Code, Section 981(a)(1)(A) provides, in part, for the forfeiture of any property, real or personal, involved in or traceable to a transaction or attempted transaction, in violation of Title 18, United States Code, Sections 1956 and 1957.

37. Title 18, United States Code, Section 1956(h) prohibits a person from conspiring to commit any violation of Title 18, United States Code, Sections 1956 or 1957.

39. In light of the foregoing and considering the totality of the circumstances, the defendant funds constitute property involved in a violation of Title 18, United States Code, Section 1956(h) and thus is subject to forfeiture to the United States pursuant to Title18, United States Code, Section 981(a)(1)(A).

## FIFTH CLAIM FOR RELIEF

### 31 U.S.C. § 5317(c)

**(forfeiture of property involved in violation of 31 U.S.C. § 5324)- property involved in structuring)**

40. Plaintiff incorporates by reference the allegations of paragraphs one through 39 as though fully set forth

41. Title 31, United States Code, Section 5324(a)(3) makes it unlawful to structure or assist in structuring, or attempt to structure and assist, any transaction with one or more financial institutions.

42. Title 31, United States Code, Section 5317 provides, in part, for the forfeiture of any property involved in or traceable to a violation of Title 31, United States Code, Section 5324.

43. In light of the foregoing and considering the totality of the circumstances, the defendant funds constitute property involved in a violation of Title 31, United States Code,

Section 5324(a)(3) and thus subject to forfeiture, pursuant to Title 31, United States Code, Section 5317.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that due process issue to enforce the forfeiture of the defendant funds, that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed, that judgment of forfeiture be entered against said property, and that Plaintiff be awarded such relief as may be proper and just.

Dated: 12/21/06

Respectfully submitted,

STEPHANIE M. HINDS
Assistant United States Attorney

COMPLAINT FOR FORFEITURE                                                                          11

| | |
|---|---|
| STATE AND NORTHERN DISTRICT OF CALIFORNIA ) | VERIFICATION |
| CITY AND COUNTY OF SAN FRANCISCO ) | |

I, KENNY LEE, states as follows:

1. I am a Special Agent for the Drug Enforcement. I am familiar with the facts in the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint for Forfeiture and based upon my participation in the investigation, review of relevant investigative reports, review of documentary evidence, and discussions with other persons involved in the investigation, I believe that the allegations contained therein are true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 21st day of December, 2006, in San Francisco, California.

_____
KENNY LEE
Special Agent
Drug Enforcement Administration